UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., ET AL.,<br><br>　　　　　Defendants. | No. 1:16-cv-00665-DAD-EPG<br><br>(Doc. No. 9)<br><br>ORDER GRANTING DEFENDANT CALIBER HOME'S MOTION TO DISMISS |

**I.　Introduction**

On April 1, 2016, Tracey Mills ("plaintiff") filed suit against Caliber Home Loans ("defendant Caliber") and JPMorgan Chase Bank, N.A. ("defendant Chase") in the Stanislaus County Superior Court. (Doc. No. 1.) On May 11, 2016, defendant Caliber removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441. (*Id.*) In her compliant, plaintiff presents the following six causes of action: (1) violation of California's Homeowner's Bill of Rights ("HBOR"); (2) wrongful foreclosure; (3) fraud; (4) declaratory relief; (5) cancellation of instruments; and (6) violation of California's Business and Professions Code § 17200 et seq. (Doc. No. 1-1 at 4–8.)

/////

/////

On May 31, 2016, defendant Caliber filed a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6). (Doc. No. 9.)[1] On July 5, 2016, plaintiff filed an opposition to the motion to dismiss. (Doc. No. 14.) On July 12, 2016, defendant Caliber filed a reply. (Doc. No. 16.) The court heard oral argument on July 19, 2016. Attorney Ocatvio Cardona-Loya appeared telephonically on behalf of plaintiff and attorney Lindsey Kress appeared telephonically on behalf of defendant Caliber. For the reasons set forth below, defendant's motion to dismiss will be granted with plaintiff being granted leave to amend.

## II.     Background

On or about March 2006, plaintiff obtained a mortgage loan in the original principal amount of $324,800 with Washington Mutual bank, FA ("WaMu"). The mortgage was secured by a deed of trust ("DOT"). (Doc. No. 9 at 8.) In 2008, WaMu failed and defendant Chase acquired some of WaMu's assets, including the interest in the DOT under dispute, through a transaction facilitated by the Federal Deposit Insurance Corporation (FDIC). (Doc. No. 1-1 at 4.) Defendant Chase later transferred the interest to defendant Caliber. (*Id.* at 8.) On March 15, 2016, defendant Caliber foreclosed on plaintiff's home. Plaintiff alleges the nonjudicial foreclosure sale of her home was wrongful and void. Plaintiff alleges the assignment of interest from WaMu to defendant Chase, and subsequently defendant Caliber, is void and wrongful because defendant Chase robo-signed the assignment. (*Id*. at 3.) Plaintiff also alleges the assignment is void because defendant Chase assigned the same interest twice: once on February 4, 2013 and again on February 8, 2013. (*Id.*)

/////

---

[1] Defendant Caliber requests that the court judicially notice eight documents: (1) Deed of Trust (Caliber RJN Exh. A); (2) Purchase and Assumption Agreement between the FDIC and Chase (Caliber RJN Exh. B); (3) Assignment of DOT recorded on February 4, 2013 (Caliber RJN Exh. C); (4) Assignment of DOT recorded on February 8, 2013 (Caliber RJN Exh. D); (5) Assignment of DOT from Chase to Caliber recorded on March 20, 2015 (Caliber RJN Exh. E); (6) Notice of Default (Caliber RJN Exh. F); (7) Notice of Trustee's Sale ((Caliber RJN Exh. G); (8) Trustee's Deed Upon Sale (Caliber RJN Exh. H). Plaintiff does not oppose this request. The court may take judicial notice of matters of public record, provided that they are not subject to reasonable dispute. Fed .R. Evid. 201; *see also Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006); *Lee v. City of Los Angeles,* 250 F.3d 662, 689 (9th Cir. 2001). Because all of the documents are public records, the court judicially notices them.

Defendant Caliber seeks to dismiss plaintiff's complaint on multiple grounds. First, defendant Caliber argues plaintiff has failed to state a cause of action for violation of the HBOR because "bare allegations of robo-signing do not support [such a] claim" and because "assignments need not be recorded at all to foreclose." (Doc. No. 9 at 3–4.) Second, defendant Caliber argues plaintiff has failed to state a cause of action for wrongful foreclosure because her claim in this regard is based on conclusory allegations of robo-signing and because she does not allege tender. (*Id*. at 5.) Third, defendant Caliber argues plaintiff fails to allege her fraud claim with the requisite particularity. (*Id*. at 6.) Fourth, defendant Caliber argues plaintiff's cause of action for violation of § 17200 must fail because her other claims fail. (*Id*. at 9.) Finally, defendant Caliber argues plaintiff's specific claims for relief, including declaratory relief and cancellation of instruments, fail because there are no claims on which to base the requested forms of relief. (*Id*. at 7–8.) For the reasons stated below, the court finds defendant Caliber's arguments persuasive for the most part.

## II.  Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted

as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**III.   Analysis**

   *1.   Violation of the California Homeowner Bill of Rights*

Plaintiff alleges defendant Caliber violated the HBOR—codified at California Civil Code §2924.17—because it failed to review competent evidence to ensure the interest in plaintiff's residential loan and the right to foreclose were properly conveyed.

Section 2924.17 provides:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17 (emphasis added).

Defendant Caliber first argues plaintiff is not a party to the assignment and, thus, lacks standing to challenge its validity. (*See* Doc. No. 9 at 9-11.)  This argument is misplaced, however, because "HBOR include[s] a provision specifically granting a private cause of action to borrowers in cases where loan servicers engaged in robosigning and certain other violations of section 2923 and 2924." *Rahbarian v. JP Morgan Chase*, No. 2:14-CV-01488 JAM, 2014 WL 5823103, at *6 (E.D. Cal. Nov. 10, 2014).  Thus, plaintiff does not need to allege she was a party to the assignment to bring a HBOR claim.  Nor does plaintiff need to plead she was harmed by a loan assignment to bring such a claim. *See id.* at 6–7 (concluding the same and discussing cases with similar holdings).  Rather, under § 2924.12, plaintiffs can recover "actual economic damages . . . resulting from a material violation of Section . . . 2924.17." Cal. Civ. Code § 2924.12.  Thus,

to bring forth a HBOR claim, plaintiff need only plead a material violation of § 2924.17.

Nonetheless, plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 8(a) and *Iqbal/Twombly* in order to bring such a claim. Plaintiff has failed to do so here. In this regard, plaintiff's complaint merely alleges that "based on information and belief", the February 4, 2013 and February 8, 2013 assignments of the DOT were robo-signed. (Doc. 1-1 at 4-5.) The only factual allegation made by the plaintiff in support of the conclusory allegation of robo-signing is that at least one other assignment of a mortgage bearing the signatures of the alleged executors "contain[sic] starkly different signatures." (*Id.*) Such bare and conclusory allegations of robo-signing are insufficient to state a HBOR claim. *See Rahbarian*, 2014 WL 5823103 at *7 (dismissing a HBOR claim for lack of factual support where the plaintiff merely alleged on information and belief that alleged robo-signer was not employee of defendant); *Patel v. Mortgage Elec. Registration Sys., Inc.*, No. 4:13-CV-1874 KAW, 2013 WL 4029277, at *5 (N.D. Cal. Aug. 6, 2013) (finding plaintiff's allegations of robo-signing conclusory and insufficient where the plaintiff merely alleged variations in signatures); *Sohal v. Federal Home Loan Mortg. Corp.*, No. C 11-01941 JSW, 2011 WL 3842195 at *5 (N.D. Cal. Aug.30, 2011) (granting a motion to dismiss in part because plaintiff did not allege "facts setting forth the basis on which they are informed and believe those allegations are true."). Here, plaintiff's allegations of robo-signing are bare and conclusory and thus similar to those found to be insufficient in the cases cited above. Therefore, plaintiff's HBOR claim will be dismissed without prejudice and with leave to amend granted.[2]

/////

---

[2] Plaintiff is cautioned, however, that if she elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" *Id*. at 680 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. Any amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).

### 2. Wrongful Foreclosure

Defendant Caliber challenges plaintiff's wrongful foreclosure claim on three grounds, arguing that: (1) plaintiff lacks standing; (2) plaintiff's claim relies on conclusory allegations; and (3) plaintiff failed to allege tender. (Doc. No. 9 at 11-12). The court finds plaintiff's lack of standing to be fatal to this claim.

The California Supreme Court has recently held that borrowers, even when not parties to an assignment, have standing to sue for wrongful foreclosure if they can show that the assignment is void. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 923 (2016). However, allegations of robo-signing, even if true, render an assignment only voidable. *See Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014) (to the extent that an assignment was in fact robo-signed, it would be voidable, not void, at the injured party's option); *see also Maynard v. Wells Fargo Bank, N.A.*, No. 12cv1435AJB (JMA), 2013 WL 4883202, at *9 (S.D. Cal. 2013) (same). Accordingly, plaintiff lacks standing to raise a wrongful foreclosure claim based solely on allegations of robo-signing, and this claim must be dismissed with prejudice.

### 3. Fraud

Plaintiff also alleges defendant Caliber perpetuated fraud by falsely representing to plaintiff it had authorization to foreclose on plaintiff's home. (Doc. No. 1-1 at 7-8.) Defendant Caliber seeks to dismiss this claim on the grounds that plaintiff fails to plead her fraud claim with the requisite particularity demanded by Federal Rule of Civil Procedure 9(b).

The Federal Rule of Civil Procedure requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir.1993) (internal quotation marks omitted). To provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In addition, a plaintiff alleging a fraud claim must, in the complaint, also "set forth what is false or misleading about a

statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz,* 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted).

The fraud claim set forth in plaintiff's complaint against defendant Caliber lacks particularity in that it is solely based on conclusory allegations. In particular, plaintiff fails to allege what was false or misleading about defendant Caliber's representation of its right to foreclose. As discussed above, plaintiff's robo-signing allegations do not render the assignment void and therefore do not deprive defendant Caliber of its proper right to foreclose. Accordingly, without additional factual allegations, plaintiff's complaint fails to demonstrate the falsity of any representation made to her by defendant Caliber. Plaintiff's fraud claim will therefore be dismissed without prejudice.

*4. Declaratory Relief*

Plaintiff seeks declaratory relief stating that defendant Caliber's foreclosure sale is void. However, because plaintiff fails to plead any cognizable cause of action, such relief is unavailable to her. "A claim for declaratory relief 'rises or falls with [the] other claims.'" *Ballard v. Chase Bank USA, N.A.*, No. 10cv790 L(POR), 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) (quoting *Surf & Sand, LLC v. City of Capitola*, No. C 07-05043 RS, 2008 WL 2225684, at *2 n. 5 (N.D. Cal. May 28, 2008)). Here, the dismissal of all of plaintiff's causes of action leaves her with no basis for seeking such relief. Therefore, plaintiff's claim for declaratory relief will also be dismissed without prejudice.

*5. Cancellation of Instruments*

Plaintiff also seeks to cancel the assignment of the DOT recorded on March 15, 2016 and all the documents involving the foreclosure of her home recorded thereafter pursuant to California Civil Code § 3412. (Doc. No. 1-1 at 8–9.) Section 3412 provides:

> A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause *serious injury to a person against whom it is void or voidable*, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Cal. Civ. Code § 3412 (emphasis added). "[T]he request to cancel [a written instrument] is a request for a remedy, not a cause of action or claim." *Yazdanpanah v. Sacramento Valley Mortg.*

7

*Group*, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009).  *See also Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-cv-01163 KJM KJN PS, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) (concluding that "cancellation of an instrument is an equitable remedy" and listing cases holding the same).  Because plaintiff has yet to adequately plead any cognizable cause of action, she cannot seek cancellation of an instrument as a remedy.  This claim will therefore also be dismissed without prejudice.

          *6.   Violation of Business and Professions Code §17200 et seq.*

Finally, plaintiff alleges defendant Caliber violated California's Unfair Competition Law, codified at California Business and Professions Code § 17200 *et seq.* (Doc. No. 1-1 at 9.)  Section 17200 broadly defines unfair competition to include any business act or practice that is unlawful, unfair or misleading.  Cal. Bus. & Prof. Code § 17200.  The Ninth Circuit has observed that "§ 17200 does not proscribe specific practices.  Rather, as relevant here, it defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.' . . . Its coverage is 'sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (citing *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (1999)).

   Defendant Caliber correctly contends that a UCL cause of action cannot be maintained if other causes of actions based on the same factual allegations fail.  *See, e.g.*, *Glenn K. Jackson Inc.,* 273 F.3d at 1203 ("[T]he breadth of § 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition."); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) ("[Claims] for relief under the unfair competition law stand or fall depending on the fate of the antecedent substantive causes of action.").  Because plaintiff has failed to state any other cognizable claim, her UCL claim must also be dismissed without prejudice.

/////

/////

8

**IV.    Conclusion**

For the reasons set forth above:

1) Defendant Caliber's motion to dismiss (Doc. No. 9) is granted;

2) Plaintiff's HBOR claim is dismissed without prejudice and with leave to amend;

3) Plaintiff's wrongful foreclosure claim is dismissed with prejudice;

4) Plaintiff's fraud claim is dismissed without prejudice and with leave to amend;

5) Plaintiff's request for declaratory relief is dismissed without prejudice and with leave to amend;

6) Plaintiff's request for cancellation of the instruments is dismissed without prejudice and with leave to amend; and

7) Plaintiff's claim for violation of California Business and Professions Code § 17200 is dismissed without prejudice and with leave to amend.

IT IS SO ORDERED.

Dated:   **August 31, 2016**                              _____
                                                                              UNITED STATES DISTRICT JUDGE