1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRACEY MILLS,                          No.  1:16-cv-00665-DAD-EPG

12                 Plaintiff,               (Doc. No. 11)

13        v.                                ORDER GRANTING JPMORGAN CHASE'S
                                            MOTION TO DISMISS
14   JPMORGAN CHASE BANK, N.A., ET
     AL.,
15
16                 Defendant.

17   **I.      Introduction**

18        On April 1, 2016, Tracey Mills ("plaintiff") filed suit against Caliber Home Loans

19   ("defendant Caliber") and JPMorgan Chase Bank, N.A. ("defendant Chase") in the Stanislaus

20   County Superior Court.  (Doc. No. 1.)  On May 11, 2016, defendant Caliber removed the action

21   to this court pursuant to 28 U.S.C. §§ 1332, 1441.  (*Id.*)   In her complaint, plaintiff presents the

22   following four causes of action:  (1) violation of California's Homeowner's Bill of Rights

23   ("HBOR"); (2) fraud; (3) cancellation of instruments; and (4) violation of California's Business

24   and Professions Code § 17200 et seq.  (Doc. No. 1-1 at 5-9.)

25        On June 1, 2016, defendant Chase filed a motion to dismiss pursuant to Federal Rule of

26   Civil Procedure 12(b)(6). (Doc. No. 11.)[1] On July 5, 2016, plaintiff filed an opposition to the

27   ───────────────

28   [1]  Defendant Chase requests that the court judicially notice eight documents:  (1) Deed of Trust
     (Chase RJN Exh. A); (2) Purchase and Assumption Agreement between the FDIC and Chase

                                    1

1   motion to dismiss (Doc. No. 13).  On July 11, 2016, defendant Chase filed a reply. (Doc. No. 15.)

2   The court heard oral argument on July 19, 2016.  Attorney Ocatvio Cardona-Loya appeared

3   telephonically on behalf of plaintiff and attorney Mary McNeill appeared telephonically on behalf

4   of defendant Caliber.  For the reasons set forth below, defendant's motion to dismiss will be

5   granted with plaintiff being granted leave to amend.

6   **II.    Background**

7          On or about March 2006, plaintiff obtained a mortgage loan in the original principal

8   amount of $ 324,800 with Washington Mutual bank, FA ("WaMu").  The mortgage was secured

9   by a deed of trust ("DOT"). (Doc. No. 9 at 8.)  In 2008, WaMu failed and defendant Chase

10  acquired some of WaMu's assets, including the interest in the DOT under dispute, through a

11  transaction facilitated by the Federal Deposit Insurance Corporation (FDIC).  (Doc. No. 1-1 at 4.)

12  Defendant Chase later transferred the interest to defendant Caliber (*Id.* at 8.)  On March 15, 2016,

13  defendant Caliber foreclosed on plaintiff's home.  Plaintiff alleges the nonjudicial foreclosure sale

14  of her home was wrongful and void.  Plaintiff alleges the assignment of interest from WaMu to

15  defendant Chase, and subsequently to defendant Caliber, is void and wrongful because defendant

16  Chase robo-signed the assignment.  (*Id*. at 3.)  Plaintiff also alleges the assignment is void

17  because defendant Chase assigned the same interest twice:  once on February 4, 2013 and again

18  on February 8, 2013. (*Id.*)

19         Defendant Chase seeks to dismiss plaintiff's complaint on multiple grounds.  First,

20  Chase argues plaintiff fails to state a cause of action for violation of the HBOR because plaintiff's

21  bare allegations of robo-signing are insufficient to state a claim and because the alleged falsity is

22  not a material violation of the statute. (Doc. No. 11 at 11-12.)  Second, defendant Chase argues

23  _____

24  (Chase RJN Exh. B); (3) Assignment of DOT recorded on February 4, 2013 (Chase RJN Exh. C);
    (4) Assignment of DOT recorded on February 8, 2013 (Chase RJN Exh. D); (5) Assignment of
    DOT from Chase to Caliber recorded on March 20, 2015 (Chase RJN Exh. E); (6) Notice of

25  Default (Chase RJN Exh. F); (7) Notice of Trustee's Sale ((Chase RJN Exh. G); (8) Trustee's

26  Deed Upon Sale (Chase RJN Exh. H). Plaintiff does not oppose this request. The court may take
    judicial notice of matters of public record, provided that they are not subject to reasonable

27  dispute. Fed .R. Evid. 201; *see also Santa Monica Food Not Bombs v. City of Santa Monica,* 450
    F.3d 1022, 1025 n. 2 (9th Cir. 2006); *Lee v. City of Los Angeles,* 250 F.3d 662, 689 (9th Cir.

28  2001).  Because all of the documents are public records, the court judicially notices them.

that plaintiff has failed to state a cause of action for fraud because such a claim is time-barred and because plaintiff fails to allege her fraud claim with the requisite particularity. (*Id.* at 12-14.) Third, defendant Chase argues plaintiff's cause of action for violation of §17200 must fail because plaintiff does not have standing to assert such a claim and because her other claims fail. (*Id.* at 16-18.)  Finally, defendant Chase argues plaintiff's specific claim for cancellation of instruments fail because there are no claims on which to base this form of relief and plaintiff fails to allege prejudice. (*Id.* at 8-9.)  Each of Chase's arguments in support of dismissal will be analyzed in turn.

### III.    Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

/////

/////

3

**IV.    Analysis**

    *1.   Violation of the California Homeowner Bill of Rights*

Plaintiff alleges that defendant Chase violated the HBOR—codified at California Civil Code §2924.17—because it robo-signed two assignments of the DOT.

Section 2924.17 provides:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, *assignment of a deed of trust*, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding *shall be accurate and complete and supported by competent and reliable evidence.*
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer *shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.*

Cal. Civ. Code § 2924.17 (emphasis added).

Defendant Chase first argues that plaintiff's conclusory allegations of robo-signing are insufficient to state a claim.  The complaint alleges that "based on information and belief", the February 4, 2013 and February 8, 2013 assignments of the DOT were robo-signed.  (Doc. 1-1 at 4-5.)  The only factual allegation made by the plaintiff in support of the conclusory allegation of robo-signing is that at least one other assignment of mortgage bearing the signatures of the alleged executors "contain [sic] starkly different signatures."  (*Id.*)  Such bare allegations of robo-signing are insufficient.  *See Rahbarian v. JPMorgan Chase*, No. 2:14-CV-01488 JAM, 2014 WL 5823103, at *7 (E.D. Cal. Nov. 10, 2014) (dismissing HBOR claim for lack of factual support when plaintiff merely alleged on information and belief that the claimed robo-signer was not employee of defendant); *Patel v. Mortgage Elec. Registration Sys., Inc.*, No. 4:13-CV-1874 KAW, 2013 WL 4029277, at *5 (N.D. Cal. Aug. 6 , 2013) (finding plaintiff's allegations of robo-signing conclusory when plaintiff alleged variations in signatures); *Sohal v. Federal Home Loan Mortg. Corp.*, No. C 11-01941 JSW, 2011 WL 3842195 at *5 (N.D. Cal. Aug.30, 2011) (granting a motion to dismiss in part because plaintiff did not allege "facts setting forth the basis on which

4

they are informed and believe those allegations are true."); *Bascos v. Federal Home Loan Mortg. Corp.*, No. CV 11-3968-JFW (JCx), 2011 WL 3157064, at *6–7 (C.D. Cal. July 22, 2011) (alleged irregularities in signatures did not satisfy pleading standards). Here, plaintiff's allegations of robo-signing are bare and conclusory and thus similar to those found to be insufficient in the cases cited above. Therefore, plaintiff's HBOR claim will be dismissed without prejudice and with leave to amend granted.[2]

     *2.   Fraud*

     Plaintiff also alleges in the complaint that defendant Chase committed fraud. (Doc. No. 1-1 at 7.) Defendant Chase argues this claim is time-barred and that plaintiff fails to plead her claim with the requisite particularity demanded by Federal Rule of Civil Procedure 9(b).

     In California, the statute of limitations for a fraud claim is three years. Cal. Civ. Proc. Code §338(d). However, accrual of such a claim is postponed under the discovery rule until a plaintiff either discovers or has reason to discover the existence of a claim. *Id.*; *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (citing *McKelvey v. Boeing North American, Inc.* 74 Cal.App.4th 151, 160 (1999)). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'"

---

[2]  Plaintiff is cautioned, however, that if she elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" *Id.* at 680 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. Any amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).

*Chione v. Medtronic, Inc.*, No. 14-cv-01043-BAS (RBB), 2015 WL 2151889, at *4 (S.D. Cal. May 7, 2015) (citing *Fox*, 35 Cal. 4th at 808).

Here, the alleged fraud occurred on February 4 and 8, 2013.  Plaintiff filed the instant action on April 1, 2016.  This puts her fraud claim beyond the applicable three-year statute of limitations.  Because plaintiff's fraud claim would be barred absent application of the discovery rule, plaintiff must plead with specificity "the time and manner of discovery" and "inability to have made earlier discovery despite reasonable diligence."  *Id.*  However, plaintiff's complaint fails to meet this burden, instead alleging only in conclusory fashion that she "first discovered the above-described fraudulent acts within the three years preceding the filing of this complaint." (Doc. No. 1-1 at 8.)  Because plaintiff fails to plead specific facts in support of an application of the discovery rule, her fraud claim is subject to dismissal as time-barred under California's three-year statute of limitations.  However, dismissal of this claim will be without prejudice and with leave to amend granted.

### 3.   Cancellation of Instruments

Plaintiff also seeks to cancel the assignments of the DOT recorded on February 4, 2013 and February 8, 2013 pursuant to California Civil Code §3412. (Doc. No. 1-1 at 8-9.)

Section 3412 provides:

> A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause *serious injury to a person against whom it is void or voidable*, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

Cal. Civ. Code § 3412 (emphasis added).  "[T]he request to cancel [a written instrument] is a request for a remedy, not a cause of action or claim."  *Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec. 1, 2009).  *See also Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-cv-01163 KJM KJN PS, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) (concluding that "cancellation of an instrument is an equitable remedy" and listing cases holding the same).  Because in this case plaintiff fails to adequately plead a cause of action, she cannot seek cancellation of an instrument as a remedy.  The court will therefore dismiss this claim without prejudice.

6

*4. Violation of Business and Professions Code §17200 et seq.*

Finally, plaintiff alleges defendant Chase violated California's Unfair Competition Law, codified at California Business and Professions Code § 17200 *et seq.* (Doc. No. 1-1 at 9.)  Section 17200 broadly defines unfair competition to include any business act or practice that is unlawful, unfair or misleading.  Cal. Bus. & Prof. Code § 17200.  The Ninth Circuit has observed that § 17200 is "'sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (citing *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (1999)).

However, a cause of action under § 17200 cannot be maintained if other causes of actions based on the same factual allegations fail.  *See id.* ("[T]he breadth of § 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition."); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) ("[claims] for relief under the unfair competition law stand or fall depending on the fate of the antecedent substantive causes of action.").  Because plaintiff's complaint fails to state any other cognizable claim, her UCL claim will also be dismissed without prejudice.

**IV.   Conclusion**

For the reasons set forth above:

1) Defendant Chase's motion to dismiss (Doc. No. 11) is granted;

2) Plaintiff's HBOR claim is dismissed without prejudice and with leave to amend granted;

3) Plaintiff's fraud claim is dismissed without prejudice and with leave to amend granted;

4) Plaintiff's request for cancelation of instruments is dismissed without prejudice and with leave to amend granted; and

5) Plaintiff's § 17200 claim is dismissed without prejudice and with leave to amend granted; and

/////

/////

6)  Plaintiff shall file any amended complaint within 21 days of the date of the filing and
service of this order.  Any failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  __**August 31, 2016**__                    _____
                                                UNITED STATES DISTRICT JUDGE

8