UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A. and<br>CALIBER HOME LOANS, INC.,<br><br>　　　　　Defendants. | No. 1:16-cv-00665-DAD-EPG<br><br>ORDER GRANTING MOTIONS TO<br>DISMISS WITH PREJUDICE<br><br>(Doc. Nos. 26, 28) |

By order dated September 1, 2016, this court dismissed the original complaint filed by plaintiff for failure to state a claim and granted leave to amend as to all but one of the causes of action. (Doc. Nos. 21, 22.)[1] On September 20, 2016, plaintiff filed her first amended complaint ("FAC"), in which she alleged the same causes of action as appeared in the original complaint, absent the single claim previously dismissed with prejudice. (Doc. No. 23.) Plaintiff's FAC contains no new factual allegations, but does include as exhibits additional documentation intended to demonstrate that the signatures of LaKandra Williams, Y.K. Wilson, and Leonard James (signatories for defendant JPMorgan Chase at various points) have varied over time and, therefore, could be examples of robo-signing. Defendants Caliber Home Loans and JPMorgan Chase moved to dismiss the FAC on October 6, 2016 and October 7, 2016, respectively. (Doc.

---

[1] Specifically, the court dismissed only plaintiff's wrongful foreclosure claim against defendant Caliber with prejudice. (Doc. Nos. 21 at 9.)

1

1   Nos. 26, 28.)  Plaintiff filed oppositions to the motions to dismiss on October 26, 2016.  (Doc.

2   Nos. 31, 32.)  Replies were filed on November 8, 2016.  (Doc. Nos. 33, 34.)  A hearing on the

3   motions was held on November 15, 2016, with attorney Octavio Cardona-Loya appearing on

4   behalf of plaintiff, attorney Xiyi Fu appearing on behalf of defendant Caliber Home Loans and

5   attorney Mary McNeill appearing on behalf of defendant JPMorgan Chase.  For the reasons set

6   forth below, the court will grant defendants' motions to dismiss.

**Background**

In her FAC plaintiff alleges as follows.  Plaintiff's home was originally subject to a mortgage owned by Washington Mutual Bank ("WaMu"), the banking operations of which were sold in September 2008 pursuant to a transaction facilitated by the Federal Deposit Insurance Corporation ("FDIC") and the Office of Thrift Supervision.  (Doc. No. 23 at 3.)  In February 2013, defendant JPMorgan Chase recorded two different assignments of deed of trust—one on February 4, 2013 and one on February 8, 2013[2]—in Stanislaus County assigning the mortgage interest previously held by WaMu (held in receivership by FDIC) to defendant JPMorgan Chase.  (*Id.*)  Defendant JPMorgan Chase subsequently assigned the mortgage interest to defendant Caliber Home Loans.  (*Id*. at 4.)  Caliber Home Loans ultimately foreclosed on plaintiff's home, culminating in a trustee's deed of sale being recorded on March 15, 2016.  (*Id.*)  According to plaintiff, LaKandra Williams, Leonard James, and Y.K. Wilson — signatory for JPMorgan Chase on the February 4, 2013 assignment, signatory on the February 8, 2013 assignment, and notary for both assignments — are robo-signers.  (*Id.* at 3–4.)  Plaintiff alleges that the February 8, 2013 assignment "was robo-signed," and was therefore void.  (*Id*. at 4.)  Further, plaintiff alleges that because the February 8, 2013 assignment to defendant JPMorgan Chase was void, the foreclosure completed in March 2016 was also void.  (*Id.*)

According to plaintiff, because of these actions including the aforementioned robo-signing, defendants violated California Civil Code § 2924.17, also known as the California

---

[2] At the hearing on the pending motions, plaintiff's counsel emphasized the seeming impropriety of having two different assignments for the same deed of trust.  While this may be the case, none of the claims presented by plaintiff's FAC are based on the allegation that there were duplicative assignments of trust.

2

Homeowner Bill of Rights. (*Id.* at 5.) Plaintiff also alleges in her FAC separate claims for fraud, declaratory relief, cancellation of instruments pursuant to California Civil Code § 3412, and unfair competition under California Violation of Business and Professions Code § 17200 *et seq.*[3] (*Id.* at 5–8.)

## Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

---

[3] As the court noted in its prior orders, neither declaratory relief nor cancellation of instruments is an independent cause of action. (*See* Doc. No. 21 at 7–8; Doc. No. 22 at 6–7.) Moreover, because plaintiff's unfair competition claim is based on the same factual allegations as her other claims, it provides no independent cause of action. (Doc. No. 21 at 8; Doc. No. 22 at 7.) Nothing alleged in plaintiff's FAC changes the court's understanding of these three causes of action, which therefore stand or fall based on the sufficiency of plaintiff's allegations with respect to the claimed violation of California Civil Code § 2924.17 and fraud.

at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Finally, the court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a). In this regard, the Supreme Court has instructed lower courts to heed carefully the command of Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations and quotations omitted). However, leave to amend is properly denied if any further amendment would be futile or the amended complaint would be subject to dismissal. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014); *Saul v. United States*, 928 F. 2d 829, 843 (9th Cir. 1991); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

**Analysis**

*1. Plaintiff Has Failed to State a Claim Under Civil Code § 2924.17*

As noted in this court's prior orders, California Civil Code § 2924.17 provides:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer **in connection with a foreclosure subject to the requirements of Section 2924**, or a declaration or affidavit filed in any court **relative to a foreclosure proceeding** shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has

> reviewed competent and reliable evidence **to substantiate the borrower's default and the right to foreclose**, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17 (emphasis added). As indicated by the emphasized text, this statute requires that, prior to recording or filing documents such as an assignment of a deed of trust *in connection with a foreclosure*, a mortgage servicer must review competent and reliable evidence to substantiate the borrower's default and the right to foreclose. *Id.* The provision is intended to prevent "robo-signing," "which 'occurs when persons sign a document without personal knowledge of the content attested to therein and/or sign the documents without the requisite authority to do so.'" *Trepany v. Deutsche Bank Nat'l Trust Co.*, Case No. CV 15-00965-AB (Ex), 2015 WL 4506901 (C.D. Cal. July 23, 2015) (quoting *Mann v. Bank of Am.*, Case No. 5:13-cv-02293-CAS(DTBx), 2014 WL 495617 (C.D. Cal. Feb. 3, 2014)); *see also Marquez v. Wells Fargo Bank, N.A.*, No. 13–2819, 2013 WL 5141689 (N.D. Cal. Sept. 13, 2013) ("Section 2924.17 prohibits the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose."). However, as the statute makes clear, it is only intended to prevent the robo-signing of certain documents, such as an "assignment of a deed of trust . . . in connection with a foreclosure." Cal. Civ. Code § 2924.17. The statute does not prevent the robo-signing of *any* mortgage-related documents, but only of certain documents filed in connection with nonjudicial foreclosures. *See Lucioni v. Bank of America, N.A.*, 3 Cal. App. 5th 150, 162 (2016) (noting that § 2924.17 "creates a procedural right directed at the requirements for a *declaration* that a different HBOR provision . . . requires" and mandates the review of competent and reliable evidence prior to nonjudicial foreclosure); *see also Johnson v. PNC Mortgage*, No. C 14-02976 LB, 2014 WL 6629585, at *9 (N.D. Cal. Nov. 21, 2014) (holding that the failure to allege "that the assignment was 'recorded . . . in connection with a foreclosure' or 'filed in . . . court . . . relative to a foreclosure'" was fatal to a complaint alleging robo-signing under § 2924.17); *Marquez*, 2013 WL 5141689, at *5 ("Section 2924.17 prohibits the practice of robo-signing, in which servicers sign *foreclosure* documents without determining the right to foreclose.") (emphasis added). *Cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (noting the statutory scheme "set forth in Civil Code sections 2924 through

2924k, . . . 'provide[s] a comprehensive framework for *the regulation of a nonjudicial foreclosure sale* pursuant to a power of sale contained in a deed of trust'") (quoting *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994)) (emphasis added); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 86–87 (2004) (noting similarly); *see also Arabia v. BAC Home Loans Servicing, L.P.*, 208 Cal. App. 4th 462, 469–71 (2012) (discussing differences between judicial and nonjudicial foreclosure proceedings, and noting Civil Code §§ 2924 to 2924k dictate the latter type of proceedings).

Here, plaintiff does not allege in her FAC that any of the documents executed in connection with the foreclosure of her home were robo-signed.[4]  Instead, she alleges that the February 8, 2013 assignment of the deed of trust from FDIC to JPMorgan Chase was robo-signed. (Doc. No. 23 at 3–4.)  Because California Civil Code § 2924.17 only prohibits the robo-signing of certain documents in connection with a foreclosure, and the 2013 assignments which plaintiff complains were robo-signing were not "recorded . . . in connection with a foreclosure" or "filed in any court relative to a foreclosure proceeding," plaintiff simply cannot state a cognizable claim under this statute.  *Johnson*, 2014 WL 6629585, at *9.[5]

*2.   Plaintiff Has Failed to Adequately Allege Fraud*

"The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (quoting *Lazar v. Superior Court of Los Angeles Cty.*, 12 Cal. 4th 631 (1996)); *see also Conroy v. Regents of University of Cal.*, 45 Cal. 4th 1244, 1255 (2009).  The Federal Rules of Civil Procedure require that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Vess v. Ciba–Geigy Corp. USA*, 317

---

[4] In this case, neither the signatory nor the notary—Jesus Angulo and Bruce Cocklin—on the trustee's deed of sale resulting from the foreclosure is alleged by plaintiff to have robo-signed that document.  (*See* Doc. No. 23-5.)

[5] Notably, plaintiff has failed to allege in the FAC that she was not in default on the mortgage. Moreover, there are no other facts alleged in the FAC suggesting that plaintiff suffered any other economic damage.

F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). The pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks omitted). To provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In addition, a plaintiff alleging a fraud claim must, in the complaint, also "set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted).

In her FAC plaintiff alleges that defendants "falsely represented that they were authorized to convey or transfer an alleged interest in Plaintiff's Home." (Doc. No. 23 at 5.) Defendant JPMorgan Chase allegedly "initiated the fraud by the wrongful execution of the assignments as alleged above," presumably referencing the February 2013 assignments which plaintiff claims were robo-signed. (*Id.* at 6.) Defendant Caliber allegedly "perpetuated the fraud by initiating foreclosure proceedings and ultimately foreclosing on Plaintiff's Home based on the fraudulent documents." (*Id.*) Caliber is therefore alleged to have committed fraud merely because its foreclosure was premised upon allegedly fraudulent assignment documents. (*Id.*)

Concerning defendant JPMorgan Chase, plaintiff cannot state a cause of action for fraud because the FAC contains no allegations of misrepresentation to plaintiff on the part of JPMorgan Chase. Even if JPMorgan Chase had robo-signed the February 2013 assignments, it is unclear how that could amount to a knowing misrepresentation of anything to the plaintiff, let alone a misrepresentation with the intent to cause her to justifiably rely on the document to her harm. At most, even if true, this would be a misrepresentation on the part of JPMorgan Chase to either Caliber or the FDIC, and plaintiff has no standing to bring claims on behalf of either of these entities. *See Pugh v. JPMorgan Chase Bank, N.A.*, Case No. 2:13-cv-01141-MCE-DAD, 2013 WL 5739147, at *2 (E.D. Cal. Oct. 22, 2013) ("Plaintiffs lack standing to challenge the process in which their mortgage was securitized because they are not [parties] to the [relevant

agreements].") (quoting *Deerinck v. Heritage Plaza Mortg., Inc.*, Case No. 2:11-cv-01735-MCE-EFB, 2012 WL 1085520, at *5 (E.D. Cal. March 30, 2012)); *Patel v. Mortgage Elec. Regis. Sys., Inc.*, Case No. 4:13-cv-1874 KAW, 2013 WL 4029277, at *5 (N.D. Cal. Aug. 6, 2013) (plaintiffs lacked standing to assert that a mortgage was invalid based on breach of the agreement transferring the mortgage interest to the servicer). The facts alleged in the FAC before the court do not plead a conceivable fraud claim against JPMorgan Chase, let alone one with the particularity required by Rule 9.

Meanwhile, any fraud claim against Caliber must fail because the FAC contains no allegation that Caliber knew the February 2013 transfers, transferring the mortgage from the FDIC as receiver for WaMu to JPMorgan Chase, were robo-signed. Plaintiff alleges only that, "[t]he representations made by Caliber in the March 15, 2016 Trustee's Deed Upon Sale completing the foreclosure process are fraudulent as any right to foreclose and/or convey any interest in the subject property was based on fraudulent assignments," presumably the February 2013 assignments discussed above. (Doc. No. 23 at 6.) Because plaintiff has failed to allege facts upon which it could be concluded that Caliber had knowledge of the robo-signed nature of the February 2013 assignments, there is no basis for a claim of fraud against defendant Caliber. *See Small*, 30 Cal. 4th at 173; *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997) (noting a claim for the tort of deceit made without "knowledge of actual falsity" must be based on an assertion of fact that is not true and is made "by one who has no reasonable ground for believing it to be true"); *see also Twombly*, 550 U.S. at 570 (complaint must allege "enough facts to state a claim to relief that is plausible on its face").

*3. Granting Leave to Amend Would Be Futile*

The deficiencies of the original complaint were pointed out by the court in its order dismissing plaintiff's original complaint. (Doc. Nos. 21, 22.) Given the facts as alleged in both the original and first amended complaint and the nature of the claims plaintiff has attempted to present, the court concludes that the granting of further leave to amend would be futile. *Airs Aromatics, LLC.*, 744 F.3d at 600; *Saul*, 928 F. 2d at 843; *Rutman Wine Co.,* 829 F.2d at 738.

/////

**Conclusion**

For the foregoing reasons, defendants' motions to dismiss (Doc. Nos. 26, 28), are granted. Plaintiff's claim under Civil Code § 2924.17 as well as her fraud claim are subject to dismissal. Because all of plaintiff's remaining claims stand on the successful pleading of these two claims (*see* footnote 3, above), the FAC will be dismissed in its entirety, with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated: **November 22, 2016**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE